```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

CHADWICK S. COMER,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:10-00770

CHARLES WADE MESSERSCHMIDT,
individually and d/b/a
TIM'S TRANSPORT,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion filed by Tim's Transport, Inc. to quash service of process.  (Doc. # 4).  For reasons expressed more fully below, that motion is **GRANTED**.[1]

According to the allegations in the Complaint, on or about April 7, 2008, Chadwick S. Comer was involved in an automobile accident, while a passenger in a vehicle driven by Tony Quesinberry.  Complaint ¶ I.  Comer alleges defendant Charles Wade Messerschmidt, d/b/a Tim's Transport, Inc., "negligently, carelessly, and recklessly operated his vehicle" which struck the vehicle Quesinberry was driving.  Id.  Comer contends that he has suffered serious and permanent injuries which have and will continue to cause him "great physical and mental pain and suffering."  Id. at ¶ IV.

---

[1] Also pending is defendant's motion to schedule a hearing on the motion to quash.  (Doc. # 18).  Because the facts and legal contentions are adequately presented in the materials presently before the court and argument would not aid in the decisional process, that motion is **DENIED.**

On April 5, 2010, in the Circuit Court of Mercer County, Comer filed a negligence action against Messerchmidt, in his individual capacity and d/b/a Tim's Transport, Inc. Messerschmidt is the only defendant named in the Complaint. On May 26, 2010, the case was removed to this court on the basis of diversity of citizenship.

Even though not named as a defendant in the lawsuit, Tim's Transport, Inc. was served with a Summons and Complaint. Thereafter, on May 28, 2010, Tim's Transport filed the instant motion to quash, arguing that the court should quash the service of process upon it because Tim's Transport is not named as a defendant. Plaintiff did not file a response to the motion to quash but, rather, filed a motion asking the court to stay its ruling on the motion to quash pending discovery. (Doc. # 8).

According to Federal Rule of Civil Procedure 4(a)(1)(B), "[a] summons must be directed to the defendant." Furthermore, under Rule 10(a), "[e]very pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties. . . ." See also Allison v. Utah County Corp., 223 F.R.D. 638, 639 (D. Utah 2004). The rules governing the state courts of West Virginia are identical on these points. See West Virginia Rules of Civil Procedure 4(a) and 10(a). In addition, "[c]ourts `have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating

how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" Allison, 223 F.R.D. at 639 (quoting Estate of Morris v. Dapolito, 297 F. Supp.2d 680, 688 (S.D.N.Y. 2004)).

    In the instant case, Tim's Transport, Inc. is not named as a defendant in either the caption or the body of the complaint. For this reason, the court hereby **GRANTS** the motion to quash. See Allison, 223 F.R.D. at 639 ("Since Mr. Hall is not named as a defendant in the complaint, the court will quash service upon him. . . Since the complaint fails to name Mr. Hall as a defendant in the caption, does not name him in the body of the complaint, and contains no allegations against him whatsoever, the complaint should be dismissed as to him."); see also Londeree v. Crutchfield Corp., 68 F. Supp.2d 718, 721-22 (W. D. Va. 1999) (holding that defendants who were served with service of process but who were not named in plaintiff's complaint were entitled to be dismissed from lawsuit.). Given the court's ruling on the motion to quash, the motion to stay is **DENIED**.

    The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

    **IT IS SO ORDERED** this 1st day of September, 2010.

    ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge